# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  08-00311-CR-W-FJG |
| CUSTODIO GARCIA, | ) | |
| NOE GARCIA, | ) | |
| and | ) | |
| JOSEPH W. VARGAS, | ) | |
| Defendants. | ) | |

## MONEY JUDGMENT AND FINAL ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Money Judgment and a Final Order of Forfeiture.  On October 29, 2009, this Court entered a Preliminary Order of Forfeiture forfeiting the following property to the United States:

Real Property

As to defendant Custodio Garcia:

2522 Van Brunt Boulevard, Kansas City, Missouri; and

3517 Thompson Avenue, Kansas City, Missouri;

As to defendant Noe Garcia:

712 Monroe Avenue, Kansas City, Missouri;

As to defendant Joseph Vargas:

400 Epperson Street, Moberly, Missouri; and

2410 East 37th Street, Kansas City, Missouri;[1]

Personal Property

As to defendant Custodio Garcia:

    1999 Ford F150 Styleside Supercab pickup, VIN: 2FTRX17W3XCB17898;

    2000 Cadillac Escalade, VIN: 1GYEK13R1YR107222;

    1998 Infiniti QX4, VIN: JNRAR05Y5WW031131;

    2002 Cadillac Escalade, VIN: 1GYEK63N12R163422; and

    2000 Chevrolet Impala, VIN: 2G1WH55K6Y9322291;

As to defendant Noe Garcia:

    1998 Ford Expedition, VIN: 1FMRU18W7WLA95508;

    2004 Nissan Frontier, VIN: 1N6DD26T74C439443;

    2002 Cadillac Escalade, VIN: 1GYEC63T82R107585;

The Court also ordered a personal money judgment against the defendants Custodio Garcia, Noe Garcia, and Joseph Vargas in the amount of $1,000,000.00 for which the defendants are jointly and severally liable. The order was based upon the plea agreements and guilty plea.

Pursuant to the Court's Preliminary Order of Forfeiture, notice of the forfeiture of the above-described property and the requirements for filing a claim for the property was properly posted on an official government internet site (www.forfeiture.gov) for at least 30 days, beginning on November 9, 2009, and ending on December 8, 2009, and

---

[1] The above-listed real properties did not meet the United States' guidelines for seizure of real property. Therefore, the United States is no longer seeking forfeiture of these properties.

for the $20,000 in United States currency beginning on May 14, 2010, and ending on June 12, 2010.  A copy of the Declaration of Publication is on file with the Court.  The United States also sent written notice of the Preliminary Order of Forfeiture to Sarah Bailes by certified mail, return receipt requested.  Sarah Bailes acknowledged receipt of the notice as evidenced by the Domestic Return Receipt attached to the Government's motion.  There were no claimants who properly perfected a claim to the subject property within thirty days from the earlier of the date of last publication of notice or of receipt of actual notice.  Therefore, any other persons claiming any right, title or interest in or to the above-described property are held to be in default.

Based upon the plea agreements and the guilty plea, the Court finds that the defendants Custodio Garcia, Noe Garcia, and Joseph Vargas had an interest in the property that is subject to forfeiture pursuant to 21 U.S.C. § 853.

Accordingly, it is hereby ORDERED:

1.  Plaintiff's Motion for a Money Judgment and a Final Order of Forfeiture is hereby granted, and the above-described property is hereby forfeited to the United States pursuant to 21 U.S.C. § 853, and is to be disposed of according to law.

2.  A personal money judgment in the amount of $1,000,000.00 against the defendants  Custodio Garcia, Noe Garcia, and Joseph Vargas for which the defendants will be jointly and severally liable is granted.

3.  All other persons claiming any right, title, or interest in or to the above-referenced property are held in default.

4.  The claims and interests of any other persons or parties are forever foreclosed and barred.

5. All right, title and interest to the property described above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law.

6. The Court shall retain jurisdiction to enter any orders necessary to amend or enforce this order.


Date: 10/8/2010　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge