# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-00311-02-CR-W-FJG |
| ) | |
| NOE GARCIA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is defendant's Motion to Inspect Grand Jury Minutes and Dismiss Indictment (Doc. # 297).

On November 18, 2008, defendant Noe Garcia was indicted by a grand jury along with ten others for various narcotics, firearms, immigration and forfeiture related crimes. On July 15, 2009, Garcia pled guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine, more than 5 kilograms of cocaine and illegal re-entry into the United States. On January 28, 2010, Garcia was sentenced to 135 months in prison on Count One and six months imprisonment on Count Twelve to run concurrent with each other.

In his Motion, Garcia moves to dismiss the indictment upon the ground that the government knowingly introduced perjured testimony and deceived the grand jury that issued the indictment. He also alleges that the evidence was not legally sufficient and the prosecutor failed to properly instruct the grand jury. Defendant then requests permission to inspect the charge to the grand jury as well as the minutes of the

testimony presented to the grand jury. He states that an examination of the minutes and charge is necessary in order to allow him to fully and effectively present further argument in support of his motion. The Government states in response that there are no grounds to dismiss the indictment. However, the Government has agreed to provide Garcia with a copy of the grand jury transcripts as soon as practicable.

In United States v. Louper-Morris, No. 08-063 JRT/JSM, 2009 WL 5030771, (D.Minn. Dec. 14, 2009), the Court stated:

> An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. . . . Insufficient evidence is not a basis for dismissal of a facially valid indictment. . . .[I]n order to have a charge dismissed for an alleged misstatement or even a perjurious statement [before the grand jury], [the defendant] must show that the misstatements were material. . . .[M]isstatements or mistakes alone [do not] justify the dismissal of an indictment which is valid on its face.

Id. at *6 (internal citations and quotations omitted). In light of the fact that defendant has made only generalized statements and allegations and has offered no specific information regarding his claims, the Court finds no basis on which to dismiss the indictment. Additionally, the Court would note that even if defendant were to supplement his motion to dismiss based on further examination of the grand jury minutes, such a challenge is unlikely to succeed because "[v]oluntary guilty pleas waive all non-jurisdictional defects in the proceedings against the defendant." Olivarez v. Quarterman, No. V-04-67, 2008 WL 416256, *8 (S.D.Tex. Feb. 13, 2008). Claims regarding witness perjury are not jurisdictional in nature. Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir.) cert. denied, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979)("By entering a knowing, voluntary, intelligent guilty plea on the advice of

2

competent counsel, [Petitioner] has waived all nonjurisdictional complaints . . . [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures. . . ."); Nasso v. United States, No. CV-05-1015 (FB), 2005 WL 2591870 (E.D.N.Y. Oct. 13, 2005)("Because [petitioner's] perjury claim is nonjurisdictional in nature and was not reserved for appeal, his guilty plea waived the claim.").

Accordingly, for the reasons stated above, the Court hereby **DENIES** Garcia's Motion to Dismiss the Indictment (Doc. # 297).


Date: 12/1/2011                                         **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                                                     Chief United States District Judge